UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

SELIM ZHERKA, and THE GUARDIAN NEWS, INC.,

                Plaintiffs,

    -against-

RUSSELL MARTINEZ, individually, STEPHEN
FORCE, individually, and EDWARD FALCONE,
individually

                Defendants.

----------------------------------------------------------------x

07 CIV. 8047

07 Civ. ( )

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs SELIM ZHERKA and THE WESTCHESTER GUARDIAN, INC., by their attorneys Lovett & Gould, LLP, for their complaint respectfully state:

### NATURE OF THE ACTION

1. This is an action for compensatory and punitive damages, proximately the result of conduct jointly engaged in by the Defendants while acting under color of the laws of the State of New York, for violations of Plaintiffs' rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

### JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343.

1

## THE PARTIES

3. Plaintiff THE GUARDIAN NEWS, INC. is a domestic corporation having its principal offices for the conduct of business at 251 North Avenue, New Rochelle, New York. On a weekly basis the corporation publishes and disseminates, by hand and by use of so-called newsracks, a free newspaper known as "The Westchester Guardian" (hereinafter "Guardian"). That publication focuses on and reports about amongst other things municipal corporate corruption in the incumbent administration of the City of Yonkers. Plaintiff SELIM ZHERKA is the President of The Guardian News, Inc. and owner/publisher of the Guardian.

4. Defendant RUSSELL MARTINEZ (hereinafter "Martinez"), who is sued in his individual and personal capacity only, at all times relevant to this complaint was the Head Custodian at the Riverfront Library that is owned and operated by the City of Yonkers, New York, as part of the Yonkers Public Library system. The Riverfront Library is situated at One Larkin Plaza, in the City. The incumbent Mayor of the City of Yonkers is Philip Amicone (hereinafter "Amicone").

5. Defendant STEPHEN FORCE (hereinafter "Force"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was the duly appointed Administrator of the City of Yonkers, New York, Public Library system.

6. Defendant EDWARD FALCONE (hereinafter "Falcone"), who is sued in his individual and official capacities only, at all times relevant to this complaint was employed at the Riverfront Library as a subordinate to Martinez.

## THE FACTS

7. On the front page of the Guardian published July 5, 2007, the headline was: "Amicone Sells Out Families of Yonkers. . .Enbraces Giulio Cavallo; Brings in Nick Spano Mob". In that connection:

    a. A page "2" article referenced Amicone as a "Man Who Would: Take the endorsement of Nick Spano, a fallen, crooked politician, and create taxpayer-funded jobs for his mob; Bring Giulio Cavallo, a political prostitute who sells cross-endorsements for cash, into the election process; Run on a party line whose chairman, Zehy Jereis, is an election fraudster and a convicted drug dealer", and,

    b. A page "4" editorial that, *inter alia*, expressed the following "Opinion": "Such has been the sordid tale of recent elections in Westchester, and particularly in the City of Yonkers. Given that history, we believe that the race for Mayor of Yonkers, pitting incumbent Republican Phil Amicone, and every undesirable political creature he can muster, against Independent Nader Sayegh, and Democrat Dennis Robertson, in a context that will require the utmost attention of the Voters' Rights Division of the Justice Department, and the provision of sufficient observers and enforcement personnel to protect the integrity of the outcome."

8. On the front page of the Guardian published the week of July 9, 2007, the headline read:

    "A Tale of Two Cities", beneath which to the left was a photograph of the Mayor of Mount Vernon, New York (Ernie Davis), and beneath which to the right was a photograph of Amicone. The Davis photograph bore the legend: "DUMB". The Amicone photograph bore the legend: "DUMBER" (hereinafter collectively referred to as "DUMB

& DUMBER") - - in connection with which readers were invited to "See <u>In Our Opinion</u>, p 4".

9. In the editorial concerning the front page story, captioned "In Our Opinion...Sodom and Gomorrah", the Guardian expressed *inter alia* the following thoughts regarding Davis and Amicone:

> "We must sadly conclude that Davis and Amicone have each been abject failures, little more than caretakers, at best, not likely to improve the circumstances of the city they have been entrusted with, if placed back into their present positions. In short, we believe Ernie Davis and Phil Amicone have not only squandered vast human and financial resources, but also the wonderful opportunity to bring about significant positive change.
>
> Consider the fact that Mount Vernon and Yonkers are each under Federal Investigation...in connection with projects and programs involving huge sums of money...There's a distinct odor of fish somehow attached to these financial mysteries.
>
> ...As regards crime, there is no denying that street crime and gun violence in both Yonkers and Mount Vernon have been spiraling out of control under Amicone and Davis respectively. Additionally, the Yonkers Police Department has had, and continues to have, a well-deserved reputation for police brutality, a problem neither Phil Amicone nor Commissioner Hartnett have made any convincing effort to abate.

*        *        *

> The decay and destruction of formerly strong, proud neighborhoods and public schools under Davis and Amicone has been the inevitable product of corrupt, uninspired administrations more concerned with satisfying and fattenening political powerbrokers and criminal elements such as Giulio Cavallo, Zehy Jereis, Nicky Spano, Larry Schwartz, Reggie LaFayette, and their ilk. . .In short, we believe Ernie and Phil have been marching to the beat of the wrong drummer for quite some time, and are not likely to alter their cadence anytime soon."

10. Commencing during the week of July 9, 2207, and continuing thereafter, employees of The Westchester Guardian, Inc. repeatedly sought to distribute inside and/or outside both Yonkers' City Hall and, *inter alia,* the Riverfront Library:

    a. Copies of DUMB & DUMBER as contained in the Guardian

    b. Copies of the July 26, 2007, Guardian the front page headline of which reported: "Guardian Publisher Offers $25,000 Reward For Information Leading to the Arrest and Conviction of Westchester Public Officials and Politicians Who Have Broken the Law and Betrayed the Public Trust", and,

    c. Copies of the August 2, 2007, Guardian the front page headline of which read: "Phil Amicone A Huge Flop! Fails to Deal With Police Brutality. Sharpton Correctly Identifies Problem As <u>Not</u> Targeting Only the Minority Community".

11. In that connection pursuant to a coordinated plan of action orchestrated by Yonkers' City Mayor (Amicone), Yonkers' Police Commissioner Edmund Hartnett, Yonkers Public Works Commissioner John A. Liszewsky, John Fleming (partisan

administrative aide to Amicone), David Simpson (partisan administrative aide to Amicone), Lawrence A. Porcari, Jr. (an attorney employed by Yonkers Corporation Counsel), Martinez, Force and Falcone amongst others, all copies of the <u>Guardian</u> distributed by Plaintiffs for the benefit of readers at Riverfront Library were repeatedly confiscated and discarded by Defendants - - hateful conduct motivated in whole or in substantial respect by the substantive content of the Guardian concerning Amicone and the Yonkers Police.

12. Also in that connection and pursuant to the same coordinated plan of action Defendants' confiscated and damaged multiple Guardian newsracks that had been placed at the Riverfront Library for the distribution of the <u>Guardian</u> by Plaintiffs- - action taken by similarly motivated hateful conduct.

13. By way of contrast publications favorable to Amicone and the City (such as the "Home News & Times) and publications content-neutral with respect to Amicone and the City (such as "Westchester Senior News", "Book Page", "Arts News", "Art Times" and "El Aguila") were permitted by the Defendants to be dispensed from various locations at the Library.

14. Also by way of contrast, persons distributing the publications favorable to Amicone and the City were permitted with impunity by Defendants to place those periodicals for distribution at the Library.

15. On or about September 4, 2007, Plaintiff Zherka in his individual capacity, his capacities as owner/publisher of the <u>Guardian,</u> as well as his capacity as President of The Westchester Guardian, Inc. was confronted in the Library by Martinez, Force and Falcone at which time:

a. Force advised Zherka that the Defendants "were not permitting [him and/or the <u>Guardian</u> and/or The Westchester Guardian, Inc. to engage in] free speech" in the Library,

b. Defendants criticized Zherka's, the <u>Guardian</u>, and The Westchester Guardian, Inc.'s free speech rights as "ridiculous, very ridiculous",

c. Defendants delivered to Zherka some of the Guardian newsracks that they had confiscated and removed from public view,

c. Defendants removed from certain of those newsracks copies of the <u>Guardian</u> that had been affixed to the inside of the front door to the newsracks, and,

d. Defendants ordered Zherka to take the newsracks and the newspapers and leave the premises.

16. As a proximate result Plaintiffs have been caused to suffer: monetary losses; irreparable damage to their rights as guaranteed by the First Amendment; emotional upset; disparate treatment in comparison to identically situated publishers/distributors of periodicals at the Library; punishment for exercising their right of free speech and press; and have otherwise been rendered sick and sore.

## AS AND FOR A FIRST CLAIM

17. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "16", inclusive.

18. Under the premises Defendants violated Plaintiffs' rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

7

## AS AND FOR A SECOND CLAIM

19. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "16", inclusive.

20. Under the premises Defendants violated Plaintiffs rights as guaranteed by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully demanded:

a. Awarding against the Defendants $10,000,000 in compensatory damages or such additional compensatory damages as the jury may determine,

b. Awarding against the Defendants $10,000,000 in punitive damages or such additional punitive damages as the jury may impose,

c. Permanently enjoining Defendants from interfering with the distribution and/or dissemination of the <u>Guardian</u> within the City Libary,

d. Declaring that Defendants' conduct violated Plaintiffs' rights as guaranteed by the First and Fourteenth Amendments,

e. Awarding as against all Defendants reasonable attorney's fees and costs, and,

   f. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
   September 8, 2007

               LOVETT & GOULD, LLP
               Attorneys for Plaintiff
               By:_____
               Jonathan Lovett (4854)
               222 Bloomingdale Road
               White Plains, N.Y. 10605
               914-428-8401

9