UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

SELIM ZHERKA, and THE GUARDIAN NEWS, INC.,

        Plaintiffs,

-against-

RUSSELL MARTINEZ, individually, STEPHEN
FORCE, individually, and EDWARD FALCONE,
individually,

        Defendants.

-and-

THE YONKERS PUBLIC LIBRARY,

        Intervenor-Defendant.
------------------------------------------------------------------X

**PROPOSED ANSWER**

07 Civ. 8047 (CLB)

Intervenor-Defendant, the Yonkers Public Library (the "Library"), by its attorneys, Keane & Beane P.C., as and for its Answer to the above-captioned action, states as follows:

1. The allegations contained in Paragraph "1" of the Complaint are conclusions of law and therefore require no response. To the extent a response is deemed necessary, the Library denies said allegations.

2. The allegations contained in Paragraph "2" of the Complaint are conclusions of law and therefore require no response. To the extent a response is deemed necessary, the Library denies said allegations.

3. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "3" of the Complaint.

4. Deny the allegations contained in Paragraph "4" of the Complaint, except admit that Defendant Russell Martinez is employed as the Head Custodian at the Riverfront Library; admit that the Riverfront Library is located at 1 Larkin Center, Yonkers, New York; and admit upon information and belief that Philip Amicone is the current Mayor of the City of Yonkers, New York.

5. Deny the allegations contained in Paragraph "5" of the Complaint, and state that Defendant Stephen E. Force is the Director of the Yonkers Public Library system.

6. Deny the allegations contained in Paragraph "6" of the Complaint, and state that Defendant Edward M. Falcone is the Deputy Director of the Yonkers Public Library system.

7. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "7" of the Complaint.

8. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "8" of the Complaint.

9. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "9" of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "10" of the Complaint, except admit that at various times beginning in or around July 2007, a number of enclosed, metal receptacles used for dispensing free copies of The Westchester Guardian newspaper (the "Guardian Boxes") were placed inside the Riverfront Library.

11. Deny the allegations contained in Paragraph "11" of the Complaint.

12. Deny the allegations contained in Paragraph "12" of the Complaint.

13. Deny the allegations contained in Paragraph "13" of the Complaint, and state that at the Riverfront and Will Libraries, a variety of free periodicals are made available to the public at prescribed locations within those facilities.

14. Deny the allegations contained in Paragraph "14" of the Complaint.

15. Deny the allegations contained in Paragraph "15" of the Complaint, except state upon information and belief that Plaintiff Selim Zherka retrieved certain <u>Guardian</u> Boxes from the Riverfront Library.

16. Deny the allegations contained in Paragraph "16" of the Complaint.

17. The Library repeats and realleges each and every response set forth in paragraphs "1" through "16" above as if fully set forth herein.

18. Deny the allegations contained in Paragraph "18" of the Complaint.

19. The Library repeats and realleges each and every response set forth in paragraphs "1" through "18" above as if fully set forth herein.

20. Deny the allegations contained in Paragraph "20" of the Complaint.

**AS AND FOR A FIRST
AFFIRMATIVE DEFENSE**

21. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND
## AFFIRMATIVE DEFENSE

22. Plaintiffs failed to mitigate some or all of their alleged damages.

## AS AND FOR A THIRD
## AFFIRMATIVE DEFENSE

23. Plaintiffs' claims are barred by the equitable doctrines of estoppel, laches, waiver, and unclean hands.

## AS AND FOR A FOURTH
## AFFIRMATIVE DEFENSE
## AND FIRST COUNTERCLAIM

24. The Library repeats and realleges each and every response set forth in paragraphs "1" through "23" above as if fully set forth herein.

25. The Library is a library association duly organized under New York State law and maintains a principal place of business at its Riverfront Branch, which is located at 1 Larkin Center, Yonkers, New York 10701.

26. In or around July 2007, Plaintiffs caused Guardian Boxes to be placed inside the Riverfront and Will Libraries without seeking or having consent from an authorized employee or representative of the Riverfront or Will Libraries to do so.

27. Subsequent to Plaintiffs' unauthorized placement of the Guardian Boxes at the Riverfront and Will Libraries, employees of said Libraries removed the Guardian Boxes and placed them into storage. At that time, any/all newspapers contained in said Guardian Boxes were removed and placed at the locations within the Riverfront and Will Libraries set aside for the distribution of free newspapers and similar periodicals.

28. Thereafter, Plaintiffs caused new <u>Guardian</u> Boxes to be placed inside the Riverfront and Will Libraries.

29. Subsequent to Plaintiffs' unauthorized placement of additional <u>Guardian</u> Boxes inside the Riverfront and Will Libraries, employees of said Libraries removed the boxes and placed them into storage.

30. Thereafter, Plaintiffs caused new <u>Guardian</u> Boxes to be placed inside the Riverfront and Will Libraries.

31. Upon information and belief, Plaintiffs contend that they have a First Amendment right to place <u>Guardian</u> Boxes within the Riverfront and Will Libraries at whatever locations they deem appropriate. Upon information and belief, Plaintiffs contend that the librarians and administrators at the Riverfront and Will Libraries may not exercise any discretion or control with respect to the placement of newspaper vending machines, such as the <u>Guardian</u> Boxes, within those facilities.

32. The Library has never objected to Plaintiffs' distribution of copies of <u>The Westchester Guardian</u> at either the Riverfront and Will Libraries. Rather, the Library objects only to Plaintiffs' placement of <u>Guardian</u> Boxes within these facilities.

33. The Library contends that it has the right, grounded in part in the First Amendment, to exercise its discretion in determining how best to provide its patrons with free and equitable access to its collection. In providing such access, the Library further contends that it is entitled to organize library materials, and control the use of library facilities, as it deems appropriate.

34. The Library further contends that it is entitled to take reasonable steps to ensure that the Riverfront and Will Libraries themselves, as institutions, remain viewpoint neutral with respect to their dissemination of ideas and information.

35. The Library further contends that it has the right to administer and control the real property under its control, and to adopt reasonable, content-neutral regulations concerning its use and enjoyment by the public.

36. The Yonkers Public Library has a reasonable, content-neutral policy and practice with respect to its distribution of free newspapers, including but not limited to The Westchester Guardian. Copies of such newspapers are dispensed in precisely the same manner at prescribed locations within the Riverfront and Will Libraries. As a matter of policy and practice, the Library has determined not to permit the placement of any newspaper vending receptacles, including but not limited to the Guardian Boxes, inside the Riverfront and Will Libraries.

37. Hence, this dispute does not involve Plaintiffs' right to distribute copies of The Westchester Guardian within the Riverfront and Will Libraries. The Library does not object, and has never objected, to Plaintiff's distribution of copies of The Westchester Guardian at the Riverfront and Will Libraries. To the contrary, the instant dispute involves only the method by which Plaintiffs distribute The Westchester Guardian at the Riverfront and Will Libraries, i.e., whether Plaintiffs have the right to place large, metallic newspaper vending machines within those facilities, notwithstanding the Library's policy and practice.

38. By reason of the foregoing, a serious dispute now exists between Plaintiffs and the Library concerning the placement of the Guardian Boxes inside the Riverfront and Will

Libraries, such that a judicial determination of the rights, powers, privileges, duties, obligations and liabilities of the aforementioned parties is desirable, necessary and in the public interest.

39. The Library has no adequate remedy at law.

40. No prior application for the relief being sought herein has been made to this Court or to any other court.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE AND SECOND COUNTERCLAIM

41. The Library repeats and realleges each and every response set forth in paragraphs "1" through "40" above as if fully set forth herein.

42. Plaintiffs' unilateral and unauthorized placement of the Guardian Boxes within the Riverfront and Will Libraries materially infringes upon the Library's First Amendment right to free speech and academic freedom.

43. By reason of the foregoing, the Library is entitled to preliminary and permanent injunctive relief enjoining and restraining Plaintiffs, their agents, employees, and all persons in active concert or participation with them, from placing Guardian Boxes inside the Riverfront and Will Libraries.

44. The Library has no adequate remedy at law.

45. No prior application for the relief being sought herein has been made to this Court or to any other court.

## AS AND FOR A
## THIRD COUNTERCLAIM

46. The Library repeats and realleges each and every response set forth in paragraphs "1" through "45" above as if fully set forth herein.

47. Plaintiffs' actions with respect to their placement of Guardian Boxes inside the Riverfront and Will Libraries have been willful and malicious, and constitute a continuing trespass upon the Yonkers Public Library.

48. The Library is without an adequate remedy at law with respect to the continuing trespass posed by Plaintiffs' placement of Guardian Boxes inside the Riverfront and Will Libraries.

49. By reason of the foregoing, the Library is entitled to preliminary and permanent injunctive relief enjoining and restraining Plaintiffs, their agents, employees, and all persons in active concert or participation with them, from placing Guardian Boxes inside the Riverfront and Will Libraries.

## PRAYER FOR RELIEF

**WHEREFORE,** the Library respectfully requests entry of a judgment as follows:

i. dismissing the Complaint in its entirety;

ii. declaring that the Library has the right and authority to preclude Plaintiffs from placing Guardian Boxes inside the Riverfront and Will Libraries;

iii. preliminarily and permanently enjoining Plaintiffs, their agents, employees, and all persons in active concert or participation with them, from placing Guardian Boxes inside the Riverfront and Will Libraries;

iv. awarding the Library its costs in this action, including its reasonable attorneys' fees; and

v. awarding the Library such other and further relief as this Court deems just and proper.

Dated: White Plains, New York
November 2, 2007

                    **KEANE & BEANE, P.C.**

             By: _____
                Edward J. Phillips (EP 4825)
                Attorneys for Proposed Intervenor-Defendant
                445 Hamilton Avenue, 15th Floor
                White Plains, New York 10601
                (914) 946-4777