UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

SELIM ZHERKA, and THE GUARDIAN NEWS, INC.,　　　　07 Civ. 4065 (CLB)

　　　　　　　　Plaintiffs,

　　-against-　　　　　　　　　　　　　　　　　　　**DECLARATION IN SUPPORT**
　　　　　　　　　　　　　　　　　　　　　　　　　　**OF MOTION**
RUSSELL MARTINEZ, individually, STEPHEN
FORCE, individually, and EDWARD FALCONE,
individually,

　　　　　　　　Defendants.
------------------------------------------------------------------ x

　　**STEPHEN E. FORCE**, hereby declares under penalty of perjury that the following is true and correct:

　　1.　　I am the Director of the Yonkers Public Library and an individually-named defendant in the above-captioned action. I submit this Declaration in support of the motion made by proposed intervenor-defendant, the Yonkers Public Library (the "Library"), requesting an Order: (i) granting the Library leave to intervene in this action, and (ii) issuing a preliminary injunction that requires Plaintiffs to remove certain receptacles used for dispensing free copies of The Westchester Guardian newspaper (the "Guardian Boxes") that they caused to be placed inside the Yonkers Riverfront Library, located at 1 Larkin Center, Yonkers, New York, 10701 (the "Riverfront Library"), and the Yonkers Grinton I. Will Branch Library (the "Will Library"), located at 1500 Central Park Avenue, Yonkers, New York 10710.

　　2.　　Except where otherwise indicated, the facts set forth in this Declaration are based upon my personal knowledge.

3.      The Board of Trustees of the Yonkers Public Library appointed me to the position of Director in 1996. I am responsible for the overall administration of the Library. My job duties also include matters relating to the Library's policies, budget and public relations.

4.      In early July 2007, I was advised that a <u>Guardian</u> Box had been placed inside a main hallway of the Will Library, near the building's auditorium. Soon thereafter, I personally observed that a <u>Guardian</u> Box had been placed in the atrium of the Riverfront Library.

5.      At both the Will and Riverfront Libraries, the <u>Guardian</u> Boxes were placed in highly conspicuous locations. For instance, at the Riverfront Library, the <u>Guardian</u> Box was placed near the building's main entrance, against a granite column. Anyone entering the building and walking through the atrium must pass in close proximity to the <u>Guardian</u> Box.

6.      The Yonkers Public Library has a longstanding policy and practice of distributing free newspapers, such as <u>The Westchester Guardian</u>. At the Riverfront Library, such newspapers and similar periodicals are dispensed on the main floor, near the library entrance, at a table adjacent to the library's check-out desk. At the Will Library, such newspapers and periodicals are dispensed in the library's vestibule at its Central Avenue entrance.

7.      Neither the Riverfront nor Will Libraries permit, or have ever permitted, the placement of newspaper vending and/or dispensing machines inside their respective premises. There are essentially two reasons for this policy.

8.      First, the Library has determined that making such newspapers available at a single location, and dispensing them in the same manner, is the most equitable and efficient means of providing them to the public. A core tenet of any library institution, including the

Yonkers Public Library, is equity of access. A library must provide materials and information to the public without regard to partisan or political considerations. By dispensing all free newspapers in the same manner, and from a single location within its facilities, the Library ensures that its distribution of these materials will not be viewed as endorsing or favoring any particular publisher or viewpoint.

9. Second, the Library has determined that newspaper vending and/or dispensing machines are an inefficient use of their limited resources and physical space. The machines are large and unsightly. They also appear to require inspection and maintenance to ensure they remain in safe working order, which responsibilities the Library declines to assume. Further, if the Library permitted The Westchester Guardian or any other newspaper publisher to install a vending and/or dispensing machine inside the Riverfront and/or Will Libraries, it could find itself constrained to permit all other newspaper publishers to do the same. Again, the Library simply does not wish to have the limited physical space within its facilities utilized in this manner.

10. The instant motion for preliminary injunctive relief is premised upon both of the aforementioned considerations. Plaintiffs' unauthorized placement of Guardian Boxes in the Riverfront and Will Libraries materially infringes upon the Library's rights and prerogatives with respect to its distribution of free newspapers. By taking such action, Plaintiffs have undermined the Library's efforts to maintain its neutrality with respect to the materials it provides to the public. Plaintiffs also have inferred with the Library's aesthetic goals and objectives with respect to its utilization of its premises.

11. For example, the Riverfront Library is essentially a brand new facility, as construction was completed in September 2002. The building is occupied by the Library and the City of Yonkers Board of Education, and it is located near the revitalized Yonkers waterfront. The atrium of the Riverfront Library is an elegant, open space that is used throughout the year for art exhibitions and public meetings and events. The Riverfront atrium is literally the first thing that the community sees when it enters the building. Great care was obviously taken in designing this space, and the Library strives to ensure that it is utilized to project a sense of decorum and learning that is appropriate for a library institution.

12. True copies of two photos that accurately depict the atrium of the Riverfront Library are collectively annexed hereto as Exhibit "A."

13. When Plaintiffs unilaterally decided to place a <u>Guardian</u> Box inside the Riverfront atrium, against a large granite column near the front entrance, they undermined not only these aesthetic goals, but the Library's efforts to prevent the appearance of partisan affiliation.

14. As mentioned, the Riverfront Library distributes free newspapers and similar periodicals at a desk located near its check-out desk. Apart from the <u>Guardian</u> Box, the atrium of the Riverfront Library does not contain any other such newspaper machines or dispensers. Indeed, no library materials of any kind are dispensed in the Riverfront Library's atrium. Thus, Plaintiffs' placement of the <u>Guardian</u> Box in the atrium of the Riverfront Library creates the appearance that <u>The Westchester Guardian</u> is being afforded a special privilege or status. From the Library's perspective, this is unacceptable.

15. Plaintiffs were made aware of, but then ignored, the Library's concerns and objections to the placement of <u>Guardian</u> Boxes inside the Riverfront and Will Libraries. After

the first <u>Guardian</u> Boxes appeared in the Riverfront and Will Libraries in early July 2007, the Library advised Plaintiffs, in a letter dated July 27, 2007, that it would gladly facilitate their distribution of copies of <u>The Westchester Guardian</u> at the Riverfront and Will Libraries, but not through the use of <u>Guardian</u> Boxes within those facilities. A true copy of this letter, written by Defendant Edward Falcone, the Deputy Director of the Library, to Plaintiff Sam Zherka, is annexed hereto as Exhibit "B."

16. The Library's letter of July 27, 2007 advised Plaintiffs, in relevant part, as follows:

> The Yonkers Public Library has a long history of working with newspapers like yours to distribute free newspapers to the Library's patrons, and would be happy to provide this service to you . . . .
>
> At the Will Branch, the Library uses wire racks in the lobby near the main entrance for the distribution of all free newspapers. At the Riverfront Branch, the Library uses a shelf near the check-out desk. Both areas are prominent locations that receive plenty of traffic from our patrons . . . .
>
> We would be happy to aid in the distribution of the Westchester Guardian, as set forth above. Please contact me at 375-7951 to discuss the removal of the newspaper boxes, and when copies of the Westchester Guardian will be delivered to the Library's branches, how many will be delivered, and with what frequency the papers will be delivered so that we may advise branch staff of same and set aside space for your paper . . . .

(Exhibit B).

17. Rather than accept the Library's invitation to make mutually convenient arrangements to distribute <u>The Westchester Guardian</u>, Plaintiffs insisted on leaving the <u>Guardian</u> Boxes inside the Riverfront and Will Libraries. When Library employees were instructed to remove the <u>Guardian</u> Boxes and place them in storage, Plaintiffs returned to the Riverfront and

Will Libraries and left new boxes in those libraries to replace the ones that had been removed. This occurred on multiple occasions, so the Riverfront and Will Libraries eventually removed and stored a number of Guardian Boxes over the course of approximately two months.

18. On or about September 18, 2007, the Board of Trustees of the Library adopted a resolution memorializing its policies and practices regarding the Library's distribution of free newspapers and magazines. A true copy of the policy adopted by the Library is annexed hereto as Exhibit "C." The policy provides, in relevant part, that the Library will not permit newspaper boxes inside its branches.

19. Since July 2007, Plaintiff Selim Zherka has appeared at least twice at the Riverfront Library and confronted me and our staff. In or around July 2007, Mr. Zherka pointedly advised me that he had the "right" to place a Guardian Box inside the Riverfront Library. I attempted to explain to Mr. Zherka that the Library would be glad to distribute his newspaper, but not through the use of his vending machines. A woman who arrived with Mr. Zherka proceeded to use a video camera to selectively record portions of our conversation.

20. In late September 2007, Mr. Zherka again appeared at the Riverfront Library. This time, Mr. Zherka was accompanied by a gentleman who videotaped portions of the encounter. Mr. Zherka initially indicated that he wished to pick-up the Guardian Box(es) that had been placed into storage at the Riverfront Library. However, before he left, Mr. Zherka announced that he was exercising his First Amendment to replace the Guardian Box located in the Riverfront Library's atrium, and that I had now "got myself into a lawsuit." That same week, I received a copy of the Summons and Complaint in this action, which names me as a defendant.

21. At the present time, a <u>Guardian</u> Box remains in the atrium of the Riverfront Library, and two <u>Guardian</u> Boxes remain in the Will Library.

22. Parenthetically, Plaintiffs have placed four <u>Guardian</u> Boxes on sidewalks less than one block from the Riverfront Library — one box is located next to the Library's side entrance on Dock Street, a second box is located opposite to the Library's employee entrance on Atherton Street, a third box is located diagonally across the street from the Library's main entrance, and a fourth box is located diagonally across from the Library's Dock Street entrance, in a parking lot frequently used by our patrons.

**WHEREFORE,** I respectfully request that the Court enter an Order: (i) granting the Library leave to intervene in this action, and (ii) issuing a preliminary injunction directing that Plaintiffs remove the <u>Guardian</u> Boxes from the Riverfront and Will Libraries and enjoining Plaintiffs from placing additional boxes within those facilities.

Dated:   November 1, 2007
        Yonkers, New York

*/s/ Stephen E. Force*
**STEPHEN E. FORCE**