UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------

SELIM ZHERKA, and THE GUARDIAN NEWS, INC.,

                Plaintiffs,

  -against-

RUSSELL MARTINEZ, individually, STEPHEN
FORCE, individually, and EDWARD FALCONE,
individually,

                Defendants.

07 Civ. 8047 (CLB)

-----------------------------------------------------------------------

**REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF
PROPOSED INTERVENOR-DEFENDANT'S
<u>MOTION FOR A PRELIMINARY INJUNCTION</u>**

KEANE & BEANE, P.C.
Attorneys for Defendants and Intervenor-Defendant
445 HAMILTON AVENUE, 15TH FLOOR
WHITE PLAINS, NEW YORK 10601
(914) 946-4777

## TABLE OF CONTENTS

I.   PRELIMINARY STATEMENT ..................................................................................1

II.  ARGUMENT................................................................................................................2

   POINT I
   THE LIBRARY'S MOTION FOR LEAVE TO
   INTERVENE SHOULD BE GRANTED ......................................................................4

   POINT II
   THE LIBRARY'S MOTION FOR A PRELIMINARY
   INJUNCTION SHOULD BE GRANTED .....................................................................5

III. CONCLUSION .............................................................................................................5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

SELIM ZHERKA, and THE GUARDIAN NEWS, INC.,

                Plaintiffs,                        07 Civ. 8047 (CLB)

      -against-

RUSSELL MARTINEZ, individually, STEPHEN
FORCE, individually, and EDWARD FALCONE,
individually,

                Defendants.
------------------------------------------------------------------------x

## REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF PROPOSED INTERVENOR-DEFENDANT'S
## MOTION FOR A PRELIMINARY INJUNCTION

**I.**     **Preliminary Statement**

Intervenor-Defendant, the Yonkers Public Library (the "Library"), submits this Reply Memorandum of Law in further support of its motion for an Order: (i) granting the Library leave to intervene in this action as a defendant, pursuant to Fed. R. Civ. P. 24; and (ii) issuing a preliminary injunction, pursuant to Fed. R. Civ. P. 65, directing Plaintiffs Selim Zherka and The Guardian News, Inc. ("Plaintiffs") to forthwith remove the metallic newspaper receptacles for The Westchester Guardian (the "Guardian Boxes") that were placed inside the Yonkers Riverfront Library, located at 1 Larkin Center, Yonkers, New York 10701 (the "Riverfront Library"), and the Yonkers Grinton I. Will Library, located at 1500 Central Park Avenue, Yonkers, New York 10710 (the "Will Library"), and barring them from placing new boxes in those facilities. As discussed below, the Library's motion should be granted because it is well-supported and unopposed by Plaintiffs.

-2-

II.  **Reply Argument**

## POINT I

### THE LIBRARY'S MOTION FOR LEAVE TO INTERVENE SHOULD BE GRANTED

In its main brief, the Library established that it satisfies the requisite elements for intervention as a matter of right, and intervention on a permissive basis, pursuant to Fed. R. Civ. P. 24(a)(2) and (b)(2).  (Library Br., pp. 4-5).  Plaintiffs do not object to this aspect of the Library's motion.  (Lovett Affirm., ¶ 4).  Accordingly, the Library's motion to intervene in this action should be granted.

## POINT II

### THE LIBRARY'S MOTION FOR A PRELIMINARY INJUNCTION SHOULD BE GRANTED

In its main brief and supporting papers, the Library also established the requisite elements for the issuance of preliminary injunctive relief concerning Plaintiffs' placement of <u>Guardian</u> Boxes inside the Riverfront and Will Libraries.

In that regard, the Library demonstrated a likelihood of success on the merits.  The Library's policy of distributing all free newspapers and magazines without the use of large, vending-type machines on its premises is viewpoint neutral and entirely reasonable.  This policy easily passes the "rational basis" standard of review, which is controlling.  <u>See, e.g., Davenport v. Washington Educ. Association</u>, ___ U.S. ___, 127 S.Ct. 2372, 2381 (2007) (in nonpublic forum, restrictions on speech must be "viewpoint neutral and reasonable in light of the purpose

served by the forum"); Bronx Household of Faith v. Board of Education of City of New York, 492 F.3d 89, 96 (2d Cir. 2007); (Library Br., pp. 6-11).

The Library also demonstrated a risk of irreparable harm. The Library's interest in maintaining the appearance of neutrality with respect to its distribution of information and materials to the public is a paramount institutional concern, the loss of which cannot be compensated through monetary damages. Moreover, the Library's loss of control over the use of its facilities, and its ability to maintain a nonpartisan posture with respect to its distribution of free newspapers such as The Westchester Guardian, are sufficient to establish irreparable harm. (Library Br., pp. 11-13).

Finally, the Library established that the balance of hardships and the public interest tips decidedly in its favor. Plaintiffs will suffer no harm as a consequence of the imposition of any preliminary injunctive relief because the Library intends to keep distributing The Westchester Guardian at the Riverfront and Will Libraries — but without the use of the Guardian Boxes. (Force Decl., ¶¶ 15-16).

Plaintiffs have not disputed, or even addressed, any of these points in their motion papers. Indeed, Plaintiffs appear to have abandoned the claims presently asserted in their Complaint concerning their purported right to place Guardian Boxes inside the Riverfront and Will Libraries wherever and whenever they please. Plaintiffs' cross-motion is limited to challenging the Library's administrative policy concerning its evaluation of free newspapers and periodicals for distribution within its facilities. This has nothing to do with the Guardian Boxes that Plaintiffs have insisted on placing inside the Riverfront and Will Libraries, and which the Library would like to permanently remove. Accordingly, the Library's motion for a preliminary injunction should be granted.

As fully set forth in the Library's accompanying Memorandum of Law in Opposition, Plaintiffs' cross-motion should be denied. To summarize, Plaintiffs do not have standing to challenge the aforementioned selection policy. Plaintiffs seem to forget that the Library has distributed, and wishes to continue distributing, The Westchester Guardian newspaper. The only issue framed by Plaintiffs' Complaint was their purported right to place Guardian Boxes inside the Riverfront and Will Libraries. Plaintiffs now appear to have abandoned that claim, having raised absolutely no opposition to the Library's motion for a preliminary injunction. At a result, Plaintiffs can no longer allege that they have suffered (or will suffer) some injury-in-fact, as required by Article III. Again, the Library wishes to continue distributing The Westchester Guardian in precisely the same manner in which it distributes other free newspapers and periodicals.

Plaintiffs also misapprehend the controlling case law. This matter does not involve a parade, outdoor concert or street performance. Such activities take place in "traditional public forums," where the government has significantly less latitude in restricting free speech. In contrast, public libraries are appropriately regarded as "limited public forums" for purposes of constitutional analysis. Moreover, the Supreme Court has made clear that public libraries are entitled to evaluate content, and exercise broad editorial judgment, in choosing the type of materials they will make available to their patrons.

Plaintiffs fail to grasp this fundamental point. As a result, their entire legal argument is based upon case law that is irrelevant here. When viewed under the correct legal framework, the Library's policy for evaluating free newspapers and periodicals easily passes constitutional muster. Accordingly, even if Plaintiffs could establish standing (and they cannot), their cross-motion is legally baseless and should be denied in any event.

### III. Conclusion

The Library respectfully requests that the Court issue an Order entering the preliminary injunctive relief requested herein, and granting it such other and further relief as may be just and proper.

Dated:   White Plains, New York
           December 21, 2007

                                     **KEANE & BEANE, P.C.**

                        By: _____
                               Edward J. Phillips (EP-4825)
                               Attorneys for Intervenor-Defendant
                               445 Hamilton Avenue, Suite 1500
                               White Plains, New York 10601
                               (914) 946-4777