UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SELIM ZHERKA and THE GUARDIAN
NEWS, INC.,

         Plaintiffs,

       07 Civ. 8047 (CLB)

    - against -

        *Memorandum and Order*

RUSSELL MARTINEZ, individually,
STEPHEN FORCE, individually, and
EDWARD FALCONE, individually,

         Defendants.
-------------------------------------------------------------x

Brieant, J.

  Before the Court in this action for violation of Plaintiffs' rights as guaranteed by the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, is a motion for leave for the Yonkers Public Library (the "Library") to intervene and for an order issuing a preliminary injunction, pursuant to Fed. R. Civ. Pro. § 65. Also before this Court is a cross motion for preliminary injunction. The motions for intervention and preliminary injunction were filed on November 2, 2007 (Doc. No. 9). Cross motion papers were filed on December 6, 2007 (Doc. No. 16). Reply papers were filed on December 21, 2007 (Doc. No. 20). The Library, together with the named Defendants, jointly filed opposition papers to the cross motion on December 21, 2007 (Doc. No. 19).

*Background*

  The following facts are presumed true for the purposes of these motions only. In July 2007, Selim Zherka, owner and publisher of The Guardian newspaper, without having or seeking

1

consent, caused large metal Guardian News boxes to be placed inside the Riverfront and Will Libraries.  Upon discovering the boxes, Edward Falcone, Deputy Director of the Yonkers Public Library  ("Defendant Falcone") sent a letter dated July 27, 2007, advising Plaintiffs that the Library would gladly facilitate distribution of The Westchester Guardian at both libraries, however not through the use of Guardian boxes.  Each library has an area designated for the distribution of free periodicals.  No newspaper boxes of any sort were ever permitted inside the libraries for any publication.  After receiving this letter, Plaintiff did not attempt to make any arrangements with the Libraries or Deputy Director, but instead, left the boxes in the libraries.  Thereafter, employees of each library removed the boxes into storage, and removed all the papers within the boxes and placed them with other free periodicals in a section of each library designated for free periodical distribution.

Thereafter, Plaintiff caused new Guardian boxes to be placed inside the Riverfront and Will Libraries.  The Library employees again took all the papers in the boxes and placed them in the designated location for distribution of free periodicals and placed the empty Guardian boxes in storage.  Plaintiff, again, caused new Guardian Boxes to be placed inside both libraries.

Plaintiff has appeared at the libraries, equipped with a video camera, and advised employees there that he had the right to place Guardian boxes inside the library.  In September 2007, Plaintiff, after indicating to Defendant Falcone that he wished to pick up the boxes in storage, arrived at the Riverfront Library and, instead of taking the boxes, left a box in the atrium

of the Library. That box currently remains in the Riverfront Library and two boxes remain in the Will Library.

On September 14, 2007, Plaintiffs filed the instant complaint alleging violations of their rights as guaranteed by the First and Fourteenth Amendments, and 42 U.S.C. § 1983, against Russell Martinez, the Head of Custodian at the Riverfront Library and Stephen Force, the Administrator of the City of Yonkers Public Library System, in their individual and personal capacities, and against Edward Falcone, the Deputy Director, in his individual and official capacities.

*Discussion*

The Yonkers Public Library (the "Library") makes this motion for an order granting leave to intervene in this action pursuant to Fed. R. Civ. P. § 24(a). Plaintiff does not oppose, and in fact, invites the intervention of the Library.

In order to intervene as of right under Fed. R. Civ. Pro. § 24(a)(2), an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest in not protected adequately by the parties to the action. Fed. R. Civ. Pro. § 24(a)(2). "Failure to satisfy any one of these requirements is sufficient grounds to deny the application." *New York News, Inc. v. Kheel*, 972 F.2d 482, 485 (2d Cir. 1992).

The Library filed this motion on November 2, 2007, forty-eight (48) days after the complaint was filed. The application is deemed timely.

The Library has a direct interest in the regulation of its own premises and the use of those premises and this interest may be impaired by the disposition of this action.

The Defendants against whom this claim is brought are (1) the Head of Custodian at one of the two libraries at issue, in his individual and personal capacities (2) the Administrator of the City of Yonkers Public Library System, in his individual and personal capacities, and (3) the Deputy Director of the Yonkers Public Library, in his individual and official capacities. Although Defendant Falcone is named in his "individual and capacities", it is unclear whether this phrasing implicates the Yonkers Public Library or the City of Yonkers. Because the caption only lists these three individual defendants, and because the complaint does not allege violations committed by the Yonkers Public Library System or the City of Yonkers, the Court concludes that the interests of the Library are not adequately represented by any of the names parties in the action.

The Yonkers Public Library, assuming that it has capacity to sue apart from the City of Yonkers or its School District, may intervene in this action as of right, pursuant to Fed. R. Civ. Pro. § 24(a)(2). The pleadings are notably silent on the subject of standing to sue although the Court understands that the Trustees of the Yonkers Public Library are appointed by the Board of Education, which is appointed by the Mayor.

The Library also moves for Preliminary Injunction pursuant to Fed. R. Civ. Pro. §65, directing Plaintiffs to remove all Guardian newspaper boxes that were placed inside the Riverfront and Will libraries, and enjoining the Plaintiffs from placing any additional boxes anywhere inside either library.  Plaintiffs do not respond to this motion, but rather, assert their own motion for preliminary injunction, prohibiting Defendants and the Library from interfering with Plaintiffs' First Amendment rights and the distribution of the Guardian within the libraries.

Plaintiffs' motion addresses the constitutionality of the Library's Policy on Delivering Free Newspapers and Magazines, a claim that was not asserted in the complaint, but raised for the first time in Plaintiffs' cross motion papers.  This policy was memorialized by the Library on September 18, 2007.  Plaintiffs' cannot establish that they have suffered injury-in-fact resulting from the Library's policy, and  thus, lack standing to challenge the policy.  The Library has distributed, and wishes to continue distributing Plaintiffs' publication, as is evidenced by the July letter sent to Plaintiffs by Defendant Falcone.  Plaintiffs' publication was already being distributed by the libraries before September 18, 2007, the date that the Policy was memorialized.  Thus it seems that, at least until now, the Policy has had no effect on and has caused no injury to Plaintiffs.

"A party seeking a preliminary injunction in this Circuit must show: (1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a

5

balance of hardships tipping decidedly in the movant's favor." *Random House, Inc. v. Rosetta Books LLC*, 283 F.3d 490, 491 (2d Cir. 2002).

"The showing of irreparable harm is perhaps the single most important prerequisite for the issuance of a preliminary injunction, and the moving party must show that injury is likely before the other requirements for an injunction will be considered." *Kamerling v. Massanari*, 295 F.3d 206 (2d Cir. 2002) (internal quotations omitted). "To establish irreparable harm, a party seeking preliminary injunctive relief must show that 'there is a continuing harm which cannot be adequately redressed by final relief on the merits' and for which 'money damages cannot provide adequate compensation.'" *Id*. (quoting *N.Y. Pathological and X-Ray Labs, Inc. v. INS*, 523 F.2d 79, 81 (2d Cir. 1975)). Irreparable harm must be shown to be actual and imminent, not remote or speculative. *See, e.g., Rodriguez v. DeBuono*, 175 F.3d 237, 234 (2d Cir. 1999).

Plaintiffs also would not be able to satisfy the requirements for a preliminary injunction, particularly on the showing of irreparable harm. The Library has been, and agrees to continue to distribute Plaintiffs' publication from within the libraries in the areas designated for all free publication distribution. Not allowing the Guardian boxes for the dissemination of Plaintiffs' paper does not cause any harm to Plaintiffs' protected First Amendment rights, so long as nobody else has boxes.

The Library, on the other hand, can establish continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide

adequate compensation. Plaintiffs' have left multiple Guardian boxes in both library locations from the time the complaint was filed to the present. Both libraries have not removed the boxes, since doing so would be futile. Once the boxes are removed, Plaintiff causes additional boxes to appear. Thus, although both libraries have never, and do not now allow newspaper vending boxes from any publication inside the library, there are currently large metal Guardian boxes in both libraries, for all patrons to observe.

The Library has an interest in maintaining the appearance of neutrality with respect to its distribution of materials to the public. Thus, the policy of designating an area of the library for all free publications to be placed, so that the publications' availability and accessability to the public remains equal is of great importance. Such a policy avoids the appearance that the libraries favor one publication over another, or agree with the writings contained in one publication more than another. The ability to maintain such a nonpartisan posture, if damaged, will not be adequately redressed by final relief on the merits nor will money damages provide adequate compensation for such harm.

Moreover, the Riverfront Library's atrium, where the Guardian boxes are currently situated, is a place where the City of Yonkers holds various events, including art galleries, fund raising events and graduation ceremonies of the local fire and police department. The versatility of the atrium, as well as the constant flow of patrons, demands an area free from obstructions.

The Court concludes that the Library has adequately established the risk of irreparable harm in the absence of an injunction.

The Library has established a likelihood of success on the merits.  Case law holds that a library is a limited public forum.  *See, e.g.*, *Kreimer v. Bureau of Police for the Town of Morristown*, 958 F.2d 1242, 1259 (3d Cir. 1992); *Armstrong v. District of Columbia Public Library*, 154 F.Supp.2d 67, 75 (D.D.C. 2001); *The Gay v. O'Hoopee*, 235 F.Supp.2d 1362, 1368 (S.D.Ga. 2002); *see also Brown v. Louisiana*, 383 U.S. 131 (1966) ("A State or its instrumentality may, of course, regulate the use of its libraries or other public facilities. But it must do so in a reasonable and nondiscriminatory manner, equally applicable to all and administered with equality to all.").

"A limited public forum is created when the government designates 'a place or channel of communication for use by the public at large for assembly and speech, for use by certain speakers, or for the discussion of certain subjects.'"  *Bronx Household of Faith v. Bd. of Educ.*, 492 F.3d 89, 96 (2d Cir. 2007) (quoting *Cornelius v. NAACP Legal Def. & Educ. Fund*, 473 U.S. 788, 802 (1985).  "In the case of a limited public forum, constitutional protection is afforded only to expressive activity of a genre similar to those that government has admitted to the limited forum."  *Travis v. Owego-Apalachin School Dist.*, 927 F.2d 688 (2d Cir. 1991).

Unlike the designated public forum, the limited public forum does not require a strict scrutiny analysis.  Instead, in this type of forum,  "governmental restrictions on expressive

conduct or speech are constitutional so long as they are reasonable in light of the use to which the forum is dedicated and "are not an effort to suppress expression merely because public officials oppose the speaker's view.'" *Huminski v. Corsones*, 386 F.3d 116, 153 (2d Cir. 2004) (quoting *Cornelius*, 473, U.S. at 800).  The Library has, and will continue to showcase and distribute the Plaintiffs' publication within the libraries.  Accordingly, the Court finds that the Library's policy disallowing periodical distribution receptacles inside the libraries is reasonable and not an effort to suppress expression based on the speaker's view.  The Library has established a likelihood of success on the merits.

*Conclusion*

The Library is permitted to intervene in this action and its motion for preliminary injunction is GRANTED.  Plaintiff's cross motion for preliminary injunction is DENIED.  Plaintiffs are directed to remove all Westchester Guardian owned Newspaper receptacles from inside the premises of the Yonkers Riverfront Library, located at 1 Larkin Center, Yonkers, NY 10701 and inside the Yonkers Grinton I. Will Library, located at 1500 Central Park Avenue, Yonkers, NY, 10710.  Plaintiffs are enjoined from causing any further newspaper receptacles to be located inside said locations, pending further order of this Court.  No bond is necessary.

X

X

X

X

X

X

X

SO ORDERED.
Dated: White Plains, New York
     May 2, 2008

                              _____
                              Charles L. Brieant, U.S.D.J.